[No. C068878. Third Dist. Apr. 12, 2012.]

WILLIAM L. LYON & ASSOCIATES, INC., et al., Petitioners, v.
THE SUPERIOR COURT OF PLACER COUNTY, Respondent;
TED HENLEY et al., Real Parties in Interest.

1298

## COUNSEL

Chaffin • Samuels, Samuels Law and Debra L. Samuels for Petitioners.

June Babiracki Barlow, Neil D. Kalin and Brian Polinsky for California Association of Realtors as Amicus Curiae on behalf of Petitioners.

Murphy, Campbell, Guthrie & Alliston, George A. Guthrie and Suzanne M. Nicholson for Real Parties in Interest Ted Henley and Patti Henley.

Radoslovich | Krogh, Frank M. Radoslovich and John C. Whidden for Real Parties in Interest Robert Costa and Denise Costa.

## OPINION

**HOCH, J.**—This original proceeding illustrates the perils that real estate brokers and their agents assume when acting as a dual listing agent with duties to both the buyers and sellers of the same house. We consider whether Civil Code section 2079.4[1] or the standard buyer-broker agreement form issued by the California Association of Realtors (Association) governed the limitations period for filing breach of contract and tort causes of action against petitioners William L. Lyon & Associates, Inc., and Connie Gidal.[2]

---

[1] Undesignated statutory references are to the Civil Code.

[2] We refer to petitioners collectively as Lyon & Associates because the operative complaint and cross-complaint advance nearly identical theories of liability against William L. Lyon & Associates and its agent, Gidal.

The buyer-broker agreement form serves to give real estate brokers the exclusive right to represent prospective buyers of residential property. The preprinted form also imposes a two-year limitations period on any legal action against the buyers' real estate broker. In this case, slightly less than three years elapsed after the close of escrow and before the buyers, real parties in interest Ted Henley and Patti Henley, sued Lyon & Associates.

The Henleys allege that Lyon & Associates committed breach of contract, breach of fiduciary duty, fraud, negligence, and negligent misrepresentation by failing to investigate and disclose problems with the house they purchased that were covered up with a coat of dark brown paint while the house was offered for sale. The sellers, Robert Costa and Denise Costa, were also named as defendants in the Henleys' complaint and are additional real parties in interest in this proceeding. The Costas, in turn, filed a cross-complaint to seek (1) indemnity from Lyon & Associates, and (2) to assert additional causes of action against Lyon & Associates as the sellers' own broker.

Lyon & Associates moved for summary judgment, arguing that the Henleys' claims were all barred by the two-year statute of limitations imposed by section 2079.4. Lyon & Associates also argued that the Costas' cross-complaint was time-barred because it sought only indemnity for the untimely claims made by the Henleys. The trial court denied the summary judgment motion on grounds that (1) the limitations period imposed by section 2079.4 was equitably tolled while the Henleys attempted to mediate their dispute with Lyon & Associates, and (2) the Costas' claims were not merely for indemnity but sought also to recover for the breach of duties owed by Lyon & Associates as the sellers' broker.

We conclude that Lyon & Associates' motion for summary judgment was correctly denied, but for reasons different than those articulated by the trial court. Section 2079.4 does not apply in this case because that section imposes a statutory duty on a *seller's* broker to the buyer when the Henleys' case involves assertion of fiduciary duties based on Lyon & Associates' duties as the *buyers'* broker. We also reject the argument that the two-year limitations period in the buyer-broker agreement rendered the Henleys' claims untimely. The Henleys' breach of contract claim was extended by the discovery rule. With regard to the Henleys' tort causes of action, which are based on Lyon & Associates' breach of fiduciary duty, we conclude that the two-year limitations period in the buyer-broker agreement did not render these claims untimely.

With regard to the Costas' claims against Lyon & Associates, the indemnity causes of action that depend on the Henleys' claims were also not time-barred. The Costas' additional claims against Lyon & Associates as the sellers' broker were also timely.

Concluding that Lyon & Associates have not established the Henleys' nor the Costas' claims to be untimely, we deny the petition for writ of mandate and vacate the stay of trial court proceedings previously issued by this court.

## FACTS PLED

The Henleys' first amended complaint alleged that, in early 2006, the Costas contacted the Lyon & Associates agent who had previously represented them in the purchase of their house on Clubhouse Drive in Rocklin, California. That agent became aware of some of the house's defects and problems. Rather than continuing with their original agent, the Costas decided to use another Lyon & Associates agent, Gidal, to sell the property. Defects in the paint and stucco of the house were visible when photos of the property were taken to list it for sale. Gidal was present when the photographs were taken.

The Henleys decided to purchase the Costas' house. On May 2, 2006, the Henleys signed a buyer-broker agreement giving William L. Lyon & Associates and Gidal the exclusive right to represent the Henleys in any purchase of a house from April 1, 2006, to April 1, 2007. Lyon & Associates agreed to "exercise due diligence and reasonable efforts to fulfill the . . . authorizations and obligations" set forth in the buyer-broker agreement. The agreement affirmed that "a dual agent is obligated to disclose known facts materially affecting the value or desirability of the property to both parties." After entering into the buyer-broker agreement with the Henleys, Lyon & Associates became a dual agent in the sale of the Clubhouse Drive house.

The buyer-broker agreement limited the period for legal action on the contract as follows: "10. TIME TO BRING LEGAL ACTION: Legal action for breach of this Agreement, or any obligation arising therefrom, shall be brought no more than two years from the expiration of the Representation Period or from the date such cause of action may arise, whichever occurs first."

Escrow on the Clubhouse Drive house closed on May 9, 2006. Subsequently, the Henleys began to discover construction defects that had been concealed by the Costas. These defects were alleged to have been caused by McKim Construction and the Costas, and included problems with water intrusion and efflorescence[3] extending from the decks to the exterior paint

---

[3] In chemistry, "effloresce" means "to change either throughout or on the surface to a mealy or powdery substance upon exposure to air, as a crystalline substance through loss of water of crystallization" or "to become encrusted or covered with crystals of salt or the like through evaporation or chemical change." (Random House Dict. (2d unabridged ed. 1987) p. 622, col. 3.)

and stucco of the house. The Costas also installed quartzite stone overlays on the backyard steps in a manner that caused water intrusion on the house's stucco walls.

The Henleys' first amended complaint alleged that the Costas knew of the construction defects and problems but did not disclose them as part of the sale. Instead, the Costas painted the house a dark brown color to conceal many of the problems. While the house was listed for sale, rain caused many of the painted-over defects to reappear. The Costas purchased more dark brown paint and covered up the newly visible damage prior to inspection by the Henleys.

The Henleys moved in during June 2006, and began to discover various construction defects with the house.

## PROCEDURAL HISTORY

On May 8, 2009, the Henleys filed their first amended complaint against Robert Costa, Denise Costa, and Ron McKim Construction, Inc.[4] The first amended complaint also named Lyon & Associates and Gidal as defendants for the first time. In pertinent part, the Henleys' operative complaint set forth causes of action against Lyon & Associates for (1) breach of contract for failure to conduct an inspection of the house prior to sale, (2) negligence in failing to conduct a reasonable inspection of the house or to ask the Costas about defects or problems, (3) fraud due to the intentional failure to disclose the efflorescence, bubbling, blistering, and cracking of the stucco and paint on the house, (4) breach of fiduciary duty, and (5) negligent nondisclosure of defects.

The Costas' cross-complaint alleged causes of action for negligence, breach of fiduciary duty, and breach of contract based on Lyon & Associates' duties as the Costas' broker. The cross-complaint also alleged implied and comparative indemnity against Lyon & Associates.

Lyon & Associates moved for summary judgment on the first amended complaint and the cross-complaint. The motion argued that all of the causes of action asserted by the Henleys and Costas were barred because the two-year statute of limitations imposed by section 2079.4 expired before the filing of the first amended complaint and the cross-complaint.

The Henleys opposed summary judgment by arguing that section 2079.4 does not apply and the two-year contractual limitations period must be

---

[4] The original complaint filed on January 20, 2009, named only Ron McKim Construction, Inc., as a defendant.

subject to the discovery rule. The Henleys further argued that the contractually required mediation preceding the first amended complaint tolled the limitations period so that their causes of action against Lyon & Associates were timely. The Costas opposed summary judgment on grounds that Lyon & Associates breach of contract and fiduciary duties to the Costas as sellers were separate from the claims brought by the Henleys as buyers.

The trial court denied the motion for summary judgment. As to the Henleys, the court explained that the contractual limitations period was tolled pending mediation between the parties. As to the Costas, the court concluded that their claims were based on duties owed exclusively to the Costas and were timely filed.

On August 3, 2011, Lyon & Associates filed a petition for writ of mandate under Code of Civil Procedure section 437c, subdivision (m).[5] We granted a stay of all trial court proceedings in this case and issued an alternative writ.

## DISCUSSION

## I

### *Review of a Denied Motion for Summary Judgment*

As the California Supreme Court has explained, "The purpose of the law of summary judgment is to provide courts with a mechanism to cut through the parties' pleadings in order to determine whether, despite their allegations, trial is in fact necessary to resolve their dispute." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843 [107 Cal.Rptr.2d 841, 24 P.3d 493].) "An order denying a motion for summary judgment may be reviewed by way of a petition for a writ of mandate. ([Code Civ. Proc.,] § 437c, subd. (*l*).) Where the trial court's denial of a motion for summary judgment will result in a trial on nonactionable claims, a writ of mandate will issue. (*Lompoc Unified School Dist. v. Superior Court* (1993) 20 Cal.App.4th 1688, 1692 [26 Cal.Rptr.2d 122].) Since a motion for summary judgment 'involves pure matters of law,' we review a ruling on the motion independently. (*Aguilar v. Atlantic Richfield Co.*[, *supra*,] 25 Cal.4th 826, 860.) Summary judgment is proper when there is no triable issue of material fact and the moving party is entitled to judgment as a matter of law. ([Code Civ. Proc.,] § 437c, subd. (c).) A defendant making the motion has the initial burden of showing that one or

---

[5] Code of Civil Procedure, section 437c, subdivision (m), provides in pertinent part that, "[u]pon entry of any order pursuant to this section, except the entry of summary judgment, a party may, within 20 days after service upon him or her of a written notice of entry of the order, petition an appropriate reviewing court for a peremptory writ."

more elements of the cause of action cannot be established or that there is a complete defense to that cause of action. ([Code Civ. Proc.,] § 437c, subd. (*o*)(2); *Aguilar v. Atlantic Richfield Co., supra,* 25 Cal.4th at p. 850.) If the defendant fails to make this initial showing, it is unnecessary to examine the plaintiff's opposing evidence and the motion must be denied. However, if the moving papers establish a prima facie showing that justifies a judgment in the defendant's favor, the burden then shifts to the plaintiff to make a prima facie showing of the existence of a triable material factual issue." (*Prudential Ins. Co. of America, Inc. v. Superior Court* (2002) 98 Cal.App.4th 585, 594–595 [119 Cal.Rptr.2d 823].)

In reviewing whether a legal action is time-barred, we undertake an independent examination of the applicable statute of limitations or contractual limitations provision. " 'It is a question of law whether a case or a portion of a case is barred by the statute of limitations, and we are not bound by the trial court's determination and instead conduct a de novo review. [Citation.]' " (*Sahadi v. Scheaffer* (2007) 155 Cal.App.4th 704, 714 [66 Cal.Rptr.3d 517], quoting *Pugliese v. Superior Court* (2007) 146 Cal.App.4th 1444, 1448 [53 Cal.Rptr.3d 681].) We must affirm the trial court's order denying summary judgment if it reaches a correct result under any legal theory, even if the trial court's reasoning errs. (*Estate of Beard* (1999) 71 Cal.App.4th 753, 776 [84 Cal.Rptr.2d 276].)

## II

### *Section 2079.4: Duties Owed by a Seller's Broker to the Buyer of Residential Property*

Lyon & Associates contend the trial court erred in concluding that implied equitable tolling extended the two-year statutory limitations period imposed by section 2079.4. We reject the contention because section 2079.4 does not apply to the causes of action asserted by the Henleys against Lyon & Associates.

 The origin of the statute of limitations imposed by section 2079.4 lies in *Easton v. Strassburger* (1984) 152 Cal.App.3d 90 [199 Cal.Rptr. 383] (*Easton*). The *Easton* court announced that "the duty of a real estate broker, *representing the seller,* to disclose facts . . . includes the affirmative duty to conduct a reasonably competent and diligent inspection of the residential property listed for sale *and to disclose to prospective purchasers* all facts materially affecting the value or desirability of the property that such an investigation would reveal." (*Id.* at p. 102, italics added, fn. omitted.)

The Legislature codified the holding in *Easton, supra,* 152 Cal.App.3d 90, by enacting section 2079. (Stats. 1985, ch. 223, § 2, p. 1221; *Field v. Century*

*21 Klowden-Forness Realty* (1998) 63 Cal.App.4th 18, 24 [73 Cal.Rptr.2d 784] (*Field*).) As pertinent to this case, subdivision (a) of section 2079 declares that "[i]t is the duty of a real estate broker or salesperson . . . to a prospective purchaser of residential real property comprising one to four dwelling units . . . to conduct a reasonably competent and diligent visual inspection of the property offered for sale and to disclose to that prospective purchaser all facts materially affecting the value or desirability of the property that an investigation would reveal, if that broker has a written contract with the seller to find or obtain a buyer or is a broker who acts in cooperation with that broker to find and obtain a buyer." Thus, section 2079.4 specifies a statutory duty imposed on *sellers' brokers* to buyers of residential real property. (*Field, supra,* 63 Cal.App.4th at p. 24.)

■ The statutory duty of care owed by a seller's broker to a buyer under section 2079 is subject to the two-year statute of limitations set forth in section 2079.4. Section 2079.4 provides that "[i]n no event shall the time for commencement of legal action for breach of duty imposed by this article exceed two years from the date of possession, which means the date of recordation, the date of close of escrow, or the date of occupancy, whichever occurs first."

■ In this case, the Henleys' first amended complaint does not assert claims against Lyon & Associates under section 2079 for breach of duties as broker for the sellers. To the contrary, the operative complaint's causes of action are all premised on the duties owed to the Henleys by Lyon & Associates as broker for the buyers. The statutory duties owed by sellers' brokers under section 2079 are separate and independent of the duties owed by brokers to their own clients who are buyers. (See *Field, supra,* 63 Cal.App.4th at p. 24 [recognizing that § 2079 imposes a statutory duty of care of brokers' sellers to buyers of residential real property].)

Lyon & Associates point out that they served as dual listing agents in the underlying residential sale and are therefore the sort of "cooperating brokers" that owed a duty under section 2079. Thus, Lyon & Associates attempt to avail themselves of the two-year statute of limitations under section 2079.4. We reject the contention.

■ That Lyon & Associates had a statutory duty under section 2079 to the Henleys arising from their capacity as broker for the sellers does not mean that Lyon & Associates had no other duties to the Henleys. In enacting the article that includes sections 2079 and 2079.4, the Legislature expressed an intent not to abrogate any other fiduciary duties owed to buyers of residential real property. Specifically, section 2079.24 provides that "[n]othing in this article shall be construed to either diminish the duty of disclosure

owed buyers and sellers by agents and their associate licensees, subagents, and employees or to relieve agents and their associate licensees, subagents, and employees from liability for their conduct in connection with acts governed by this article or for any breach of a fiduciary duty or a duty of disclosure."

Here, the Henleys' causes of action were all pleaded against Lyon & Associates as broker *for the buyers*. The causes of action did not arise under section 2079 and are therefore not constrained by the two-year statute of limitations imposed by section 2079.4. Thus, the trial court erred in concluding that the limitations period of section 2079.4 applied in this case. The inapplicability of section 2079.4 requires us to ascertain the limitations periods that do apply to the Henleys' claims against Lyon & Associates.[6]

## III

### *Applicability of the Contractual Limitations Specified in the Buyer-broker Agreement to Henleys' Causes of Action*

Lyon & Associates assert that even if section 2079.4 does not apply in this case, the buyer-broker agreement signed by Lyon & Associates and the Henleys imposes its own two-year limitations period on "[l]egal action for breach of [the buyer-broker agreement], or any obligation arising therefrom . . . ." Thus, Lyon & Associates argue that the Henleys' action against them was untimely in that it was filed nearly three years after the close of escrow. The Henleys counter that the two-year limitations period must be extended by the discovery rule.

We conclude that the Henleys' breach of contract action was subject to the limitations period in the buyer-broker agreement, but that the discovery rule applies.

With regard to the breach of fiduciary duty, fraud, negligence, and negligent misrepresentation actions, we conclude these claims were based on the common law fiduciary duty and did not arise under the buyer-broker agreement. The applicable statutes of limitations govern the timeliness of these claims.[7]

---

[6] Our conclusion that section 2079.4 does not apply in this case obviates the need to decide whether that section's limitations period is equitably tolled while parties engage in contractually required mediation.

[7] Our conclusions on the applicability of the contractual limitations period to the Henleys' causes of action also obviate the need to decide whether the contractual limitations period is equitably tolled while the parties engage in contractually required mediation.

## A. *Breach of Contract*

■ The statute of limitations for "[a]n action upon any contract, obligation or liability founded upon an instrument in writing" (except for certain corporate obligations and mortgages not applicable in this case) is four years. (Code Civ. Proc., § 337, subd. (1); see *id.*, § 336a.) The Henleys alleged a breach of contract by Lyon & Associates for failure to conduct an inspection of the house prior to sale. Unless the contractual limitations period in the buyer-broker agreement applies, the Henleys' breach of contract claim against Lyon & Associates was timely because it was filed within three years of the close of escrow. However, if the limitations period was two years as specified in the buyer-broker agreement, the Henleys' breach of contract action was filed too late. Thus, we must decide whether the buyer-broker agreement permissibly shortened the limitations period on breach of contract claims by two years.

■ The Civil Code disallows contractual provisions that purport to absolve a party's future liability for wrongful conduct. Specifically, section 1668 provides: "All contracts which have for their object, directly or indirectly, to exempt any one from responsibility for his own fraud, or willful injury to the person or property of another, or violation of law, whether willful or negligent, are against the policy of the law."

Although a contractual provision cannot excuse future wrongful conduct, parties to an agreement may shorten the period within which some legal claims must be brought. "Under California law parties may agree to a provision shortening the statute of limitations, 'qualified, however, by the requirement that the period fixed is not in itself unreasonable or is not so unreasonable as to show imposition or undue advantage. [Citations.]' (*Capehart v. Heady* (1962) 206 Cal.App.2d 386, 388 [23 Cal.Rptr. 851]; see *Beeson v. Schloss* (1920) 183 Cal. 618, 622–623 [192 P. 292]; *Hambrecht & Quist Venture Partners v. American Medical Internat., Inc.* (1995) 38 Cal.App.4th 1532, 1548 [46 Cal.Rptr.2d 33].) When, . . . defendants [attack a] complaint based on a contractual limitations period, 'the real question to be determined here is whether the allegations of the complaint show that the limitation is unreasonable. . . . The question is one of law, namely, is the period of limitation, *in itself*, unreasonable. [Citation.]' (*Capehart*, at p. 388.)" (*Charnay v. Cobert* (2006) 145 Cal.App.4th 170, 183 [51 Cal.Rptr.3d 471].) " 'Reasonable' in this context means the shortened period nevertheless provides sufficient time to effectively pursue a judicial remedy. 'It is a well-settled proposition of law that the parties to a contract may stipulate therein for a period of limitation, shorter than that fixed by the statute of limitations, and that such stipulation violates no principle of public policy, provided the period fixed be not so unreasonable as to show imposition or

undue advantage in some way. [Citations.]' " (*Moreno v. Sanchez* (2003) 106 Cal.App.4th 1415, 1430 [131 Cal.Rptr.2d 684] (*Moreno*).)

*Moreno* involved a lawsuit by buyers of a residential property against a home inspector for breach of contract and other claims related to the inspector's failure to discover a number of construction defects. (*Moreno, supra,* 106 Cal.App.4th at pp. 1418–1419.) The trial court dismissed the buyers' causes of action as untimely under the one-year limitations period specified by their contract with the inspector. (*Id.* at p. 1421.) The appellate court reversed, concluding that the contractual limitations period began to run only after the buyers discovered or should reasonably have discovered the inspector's failure to find and report on the defects with the house. (*Id.* at pp. 1427–1428.)

■ As *Moreno* explains, "Under the general rule, a cause of action accrues when the wrongful act is done and not when a plaintiff discovers he or she has a cause of action to pursue. In this case the alleged harm occurred on the date of the inspection. However, '[t]he harshness of this rule has been ameliorated in some cases where it is manifestly unjust to deprive plaintiffs of a cause of action before they are aware that they have been injured.' [(*Leaf v. City of San Mateo* (1980) 104 Cal.App.3d 398, 406 [163 Cal.Rptr. 711].)] Accordingly, 'a cause of action under the discovery rule accrues when the plaintiff discovers or should have discovered all facts essential to his cause of action . . . ; this has been interpreted under the discovery rule to be when "plaintiff either (1) actually discovered his injury and its negligent cause or (2) could have discovered injury and cause through the exercise of reasonable diligence." ' [(*Leaf* at p. 407, citations & italics omitted.)]" (*Moreno, supra,* 106 Cal.App.4th at p. 1423, fns. omitted.)

■ In concluding that the discovery rule applied, the *Moreno* court noted that "judicial decisions have declared the discovery rule applicable in situations where the plaintiff is unable to see or appreciate a breach has occurred. These sorts of situations typically involve underground trespass, negligently manufactured drugs, products liability, violations of the right of privacy, *latent defects in real property*, [(see, e.g., *Allen v. Sundean* (1982) 137 Cal.App.3d 216, 222 [186 Cal.Rptr. 863])] *or breaches of contract committed in secret.* [(See, e.g., *April Enterprises, Inc. v. KTTV* (1983) 147 Cal.App.3d 805, 832 [195 Cal.Rptr. 421].)] [¶] Delayed accrual of a cause of action is viewed as particularly appropriate where the relationship between the parties is one of special trust such as that involving a fiduciary, confidential or privileged relationship." (*Moreno, supra,* 106 Cal.App.4th at pp. 1423–1424, italics added, fns. omitted.)

The breach of contract cause of action in this case is premised on Lyon & Associates' failure to comply with the contract's requirements to conduct a

reasonably competent inspection and disclose the findings to the Henleys. As we have already noted, the first amended complaint is against Lyon & Associates in their capacity as broker for the buyers—a fiduciary relationship. The Henleys allege they were unaware of the breach of contract because Lyon & Associates failed to disclose their knowledge of construction defects and the Costas' concealment of the defects with dark paint.

■ When a breach of contract is committed in secret, such as the intentional nondisclosure of a real estate broker regarding a previously visible construction defect, the contractual limitations period is properly held subject to the discovery rule. "[A] contractually shortened limitations period has never been recognized outside the context of straightforward transactions in which the triggering event for either a breach of a contract or for the accrual of a right is immediate and obvious. Moreover, no decision upholding the validity of a contractually shortened limitation period has done so in the context of an action against a professional or skilled expert where breach of a duty is more difficult to detect. Instead, most reported decisions upholding shortened periods involve straightforward commercial contracts plus the unambiguous breaches or accrual of rights under those contracts." (*Moreno, supra*, 106 Cal.App.4th at p. 1430.)

Amicus curiae, the Association, argues that the clear statement of a two-year limitations period in the contract should be enforced to vindicate the intent of the parties when they entered into the buyer-broker agreement. The Association suggests that "[b]uyers have an extraordinary advantage to discover, and therefore act on, defects discovered." In so arguing, the Association mistakenly relies on section 2079.4 in asserting that the contractual limitations period in this case must be reasonable because it mirrors the statutory limitations period for the Henleys' claims.

Properly viewed, the buyer-broker agreement issued by the Association and used in this case purports to halve the applicable statute of limitations period that Code of Civil Procedure section 337, subdivision (1), imposes on breach of contract claims. The breach of contract alleged in this case arose out of intentional concealment of the house's defects by the Costas combined with Lyon & Associates' silence on the matter. This is an example of a breach of contract claim that was inherently difficult to detect. Although a typical breach of contract case may involve an obvious accrual of a right of action upon express repudiation of a contractual duty or an overt failure to perform duties, the breach in this case was nonobvious.

■ Lyon & Associates may not reap the benefit of a shortened contractual limitations period when its own alleged malfeasance contributed to the delay in the discovery of the buyers' injury. The facts alleged by the Henleys

call for application of the discovery rule as in other instances of "breaches which can be, and are, committed in secret and, moreover, where the harm flowing from those breaches will not be reasonably discoverable by plaintiffs until a future time. [¶] Applying the discovery rule to certain, rather unusual breach of contract actions poses no more burden for the courts than the date-of-injury accrual rule in most instances. The discovery rule itself contains procedural safeguards protecting against lengthy litigation on the issue of accrual. It presumes that a plaintiff has knowledge of injury on the date of injury. In order to rebut the presumption, a plaintiff must plead facts sufficient to convince the trial judge that delayed discovery was justified. And when the case is tried on the merits the plaintiff bears the burden of proof on the discovery issue." (*April Enterprises, Inc. v. KTTV, supra,* 147 Cal.App.3d at p. 832; see also *Moreno, supra,* 106 Cal.App.4th at p. 1430.)

The Henleys' cause of action for breach of contract is timely if they reasonably did not discover their claim against Lyon & Associates until the two years preceding the filing of their first amended complaint on May 8, 2009. On the question of when the Henleys discovered or should reasonably have discovered Lyon and Associates' breach of contract, the record demonstrates triable issues of material fact.

Plaintiffs allege that Ted Henley first noticed small paint blisters on the back of the house at the end of 2006, and that Patti Henley first noticed paint peeling off the back of the house in March 2007. Lyon & Associates and the Henleys agree that "[v]ery high efflorescence was visible on the back side of the house in March 2007." They further agree that the Henleys were investigating the paint and efflorescence problems in March 2007.

The Henleys alleged that in March 2007, they asked the Costas and Gidal about work done on the house prior to the sale, contractors used, and whether the Costas had experienced similar problems. Between March and December 2007, the Costas denied any knowledge of the efflorescence, bubbling paint, or irrigation leak on the property. Gidal was present at the property between March 14 and 16, 2006, while the house was being painted with the dark brown, elastomeric paint. At the same time, photos were taken for listing the house for sale. Those photos showed efflorescence on the back side of the house. Gidal said she could not find the photos, but conceded they showed a painter applying paint to the back side of the house. The listing photos selected by the Costas did not show efflorescence problems. Even after the Henleys told Gidal and the Costas about the efflorescence problems, Gidal did not reveal that she was at the house while it was being painted or that she had seen the efflorescence at that time.

In January 2008, Gidal provided the Henleys with photos used in the "virtual tour" of the house that Lyon & Associates posted on the Internet

during the time that the house was listed for sale. The Henleys stated that they had not seen the photos when they considered purchasing the house because they had not learned of its availability through the listing service.

The Henleys enlarged the photos received from Gidal and discovered that they showed efflorescence on the back of the house while it was being painted in 2006. The Henleys stated that they had not suspected Lyon & Associates or the Costas concealed the efflorescence problems until the Henleys tried to correct paint and efflorescence problems in mid-2007. The problems came back in the winter with the first rains.

Based on the evidence introduced by the Henleys in opposition to the motion for summary judgment, there is a disputed question of material fact as to when the Henleys discovered the facts regarding Lyon & Associates' concealment of information about the preexisting house defects. If the Henleys establish that they did not discover the concealment of the house defects until on or after May 8, 2007, or when they received the photos from Gidal in January 2008, then their cause of action was timely filed in May 2009. Accordingly, the trial court correctly denied the motion for summary judgment.

 In sum, the buyer-broker agreement's limitations period is subject to the discovery rule for a breach of contract action alleging active concealment of the breach by the broker. The first amended complaint's breach of contract claim was timely to the extent that the Henleys reasonably discovered the breach of contract by Lyon & Associates no more than two years prior to the filing of their breach of contract claim.

### B. *The Henleys' Tort Causes of Action*

 As Lyon & Associates remind us, the buyer-broker agreement specifies that any "breach of this Agreement, or any obligation arising there-from" must be brought within two years. However, the fiduciary duty of real estate brokers to their clients does not arise under contract. As the buyers' broker, Lyon & Associates owed a common law fiduciary duty to the Henleys requiring "the highest good faith and undivided service and loyalty." (*Field, supra,* 63 Cal.App.4th at p. 25.) Even if the Henleys had not signed the buyer-broker agreement, Lyon & Associates would still have had an obligation to exercise reasonable skill and care on the buyers' behalf. (*Leko v. Cornerstone Bldg. Inspection Service* (2001) 86 Cal.App.4th 1109, 1116 [103 Cal.Rptr.2d 858] (*Leko*) [holding that in addition to the statutory duty of § 2079, a real estate broker serving as dual agent for buyer and seller "also owes the purchaser a higher fiduciary duty to act with the utmost care, integrity, honesty and loyalty"]; see also *Assilzadeh v. California Federal Bank* (2000) 82

Cal.App.4th 399, 414–415 [98 Cal.Rptr.2d 176] (*Assilzadeh*) [dual agent has fiduciary duty to both the buyer and seller].)

The Henleys' tort causes of action are not based on the buyer-broker agreement, but are based on Lyon & Associates' fiduciary relationship with the Henleys. Breach of a real estate broker's fiduciary duty to his or her client may constitute negligence or actual or constructive fraud, depending on the facts and circumstances of each case. (*Assilzadeh, supra,* 82 Cal.App.4th at p. 415.)

### 1. *Breach of Fiduciary Duty and Fraud*

The Henleys alleged breach of fiduciary duty and fraud due to Lyon & Associates' failure to disclose the efflorescence, bubbling, blistering, and cracking of the stucco and paint on the house.

As we have noted, real estate brokers representing buyers of residential property are licensed professionals who owe fiduciary duties to their own clients. (*Leko, supra,* 86 Cal.App.4th at p. 1116; *Field, supra,* 63 Cal.App.4th at p. 20.) As such, this fiduciary duty is not a creature of contract and, therefore, does not arise under the buyer-broker agreement. (*Leko, supra,* 86 Cal.App.4th at p. 1116; *Assilzadeh, supra,* 82 Cal.App.4th at pp. 414–415.) Thus, the contractual limitations period in the buyer-broker agreement did not apply to the breach of the common law fiduciary duty owed by Lyon & Associates to the Henleys. We must look to the applicable statutes of limitations for these causes of action.

Breach of fiduciary duty not amounting to fraud or constructive fraud is subject to the four-year "catch-all statute" of Code of Civil Procedure section 343. (Code Civ. Proc., § 343 ["An action for relief not hereinbefore provided for must be commenced within four years after the cause of action shall have accrued."].) Fraud is subject to the three-year statute of limitations under Code of Civil Procedure section 338. (See Code Civ. Proc., § 338, subd. (d) [three years to file "[a]n action for relief on the ground of fraud or mistake. The cause of action in that case is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake"].) Because the Henleys filed their cause of action for breach of fiduciary duty and fraud against Lyon & Associates within three years of the close of escrow, the claims for breach of fiduciary duty and fraud were timely filed regardless of when the Henleys discovered their right of action.

### 2. *Negligence*

The Henleys alleged that Lyon & Associates were negligent in inspecting the house and in failing to disclose the construction defects. Like the other

tort causes of action, this claim is based on Lyon & Associates' breach of its common law fiduciary duty to the Henleys. As such, this claim is not governed by the limitations period in the buyer-broker agreement.

The Code of Civil Procedure imposes a two-year statute of limitations on actions for a claim of professional negligence that begins to run at the time that the injury is discovered or should reasonably be discovered. (Code Civ. Proc., § 339, subd. (1).) "The two-year statute of limitations under section 339, subdivision (1) commences 'when (1) the aggrieved party discovers the negligent conduct causing the loss or damage and (2) the aggrieved party has suffered actual injury as a result of the negligent conduct.' (*Apple Valley Unified School Dist. v. Vavrinek, Trine, Day & Co.* (2002) 98 Cal.App.4th 934, 942 [120 Cal.Rptr.2d 629] (*Apple Valley*), citing [*International Engine Parts, Inc. v. Feddersen & Co.* (1995)] 9 Cal.4th [606,] 613–614 [38 Cal.Rptr.2d 150, 888 P.2d 1279].) The first component involves the discovery rule, under which 'the statute of limitations begins to run when the plaintiff suspects or should suspect that her [or his] injury was caused by wrongdoing, that someone has done something wrong to her [or him]. . . . [Citation.] A plaintiff need not be aware of specific "facts" necessary to establish the claim . . . . So long as a suspicion exists, it is clear that the plaintiff must go find the facts; she [or he] cannot wait for the facts to find her [or him].' (*Jolly v. Eli Lilly & Co.* [(1988)] 44 Cal.3d [1103,] 1110–1111 [245 Cal.Rptr. 658, 751 P.2d 923], fn. omitted.)" (*Sahadi v. Scheaffer, supra*, 155 Cal.App.4th at p. 715.)

The statute of limitations for negligence claims incorporates the discovery rule. Thus, the first amended complaint's negligence claim was timely to the extent that the Henleys reasonably discovered the negligence by Lyon & Associates no more than two years prior to the filing of their negligence claim.

### 3. *Negligent Misrepresentation*

Negligent misrepresentation by a licensed professional such as a real estate broker may have aspects of negligence or fraud. "[W]hether a breach of that duty constitutes negligence or fraud depends on the particular circumstances of each case. [Citation.] Consequently, there is no clear line establishing when a fiduciary's breach of the duty of care will be merely negligent and when it may be characterized as constructive fraud. However, a breach of a fiduciary duty usually constitutes constructive fraud." (*Salahutdin v. Valley of California, Inc.* (1994) 24 Cal.App.4th 555, 563 [29 Cal.Rptr.2d 463], italics omitted.) We need not parse whether the Henleys' cause of action for negligent misrepresentation constituted a claim founded on negligence or fraud. If considered a negligence claim, then the claim was

timely filed to the extent that the Henleys reasonably discovered the negligent misrepresentation by Lyon & Associates no more than two years prior to the filing of their negligent misrepresentation claim. If considered a fraud claim, then the negligent misrepresentation claim was timely because it was filed within three years of the close of escrow. (See part IIIB.1., 2., *ante*.)

# IV

*The Buyer-broker Agreement's Applicability to the Causes of Action Asserted in the Sellers' Cross-complaint*

Lyon & Associates argue that the claims in the Costas' cross-complaint are "really a disguised indemnity cause of action" that depend entirely on the validity of the Henleys' underlying claims. Relying on their argument that the Henleys' claims are untimely, Lyon & Associates contend all of the Costas' claims are also time-barred. We reject the argument.

## A. *Indemnity*

The Code of Civil Procedure allows a tort defendant to seek indemnity by filing a cross-complaint to allege "[a]ny cause of action he has against a person alleged to be liable thereon, whether or not such person is already a party to the action . . . ." (Code Civ. Proc., § 428.10, subd. (b).) Thus, "a defendant may generally file a cross-complaint against any person from whom he seeks equitable indemnity. (*Daon Corp.* v. *Place Homeowners' Assn.* (1989) 207 Cal.App.3d 1449, 1454–1455 [255 Cal.Rptr. 448].) [¶] 'The purpose of equitable indemnification is to avoid the unfairness, under joint and several liability theory, of holding one defendant liable for the plaintiff's entire loss while allowing another responsible defendant to escape " 'scot free' " [citation omitted].' (*GEM Developers* v. *Hallcraft Homes of San Diego, Inc.* (1989) 213 Cal.App.3d 419, 426 [261 Cal.Rptr. 626].) A defendant 'has a right to bring in other tortfeasors who are allegedly responsible for plaintiff's action through a cross-complaint . . . for equitable indemnification.' (*Id.* at p. 428.)" (*Platt v. Coldwell Banker Residential Real Estate Services* (1990) 217 Cal.App.3d 1439, 1444 [266 Cal.Rptr. 601].)

Here, the Costas were named as codefendants with Lyon & Associates in the Henleys' first amended complaint. The Costas subsequently filed a cross-complaint in which they sought, inter alia, indemnity and comparative indemnity from Lyon & Associates for breach of duties owed to the Henleys. As we explain in part III, *ante*, Lyon & Associates failed to establish that any of the Henleys' claims against them were untimely. The California Supreme

Court has held that, " 'for statute of limitations purposes, the defendant's indemnity action does not accrue until he has suffered actual loss through payment.' " (*Valley Circle Estates v. VTN Consolidated, Inc.* (1983) 33 Cal.3d 604, 612 [189 Cal.Rptr. 871, 659 P.2d 1160], quoting *People ex rel. Dept. of Transportation v. Superior Court* (1980) 26 Cal.3d 744, 759 [163 Cal.Rptr. 585, 608 P.2d 673].) The Costas filed their cross-complaint while the Henleys' claims were still pending. Consequently, the Costas' indemnity claims against Lyon & Associates were not time-barred.

### B. Causes of Action Against Lyon & Associates as the Sellers' Broker

■ We also reject Lyon & Associates' argument that the entirety of the cross-complaint constituted a disguised indemnity claim. Disguised indemnity claims are " 'causes of action purporting to state direct claims but which, in fact, seek to recover derivative damages.' " (*Gackstetter v. Frawley* (2006) 135 Cal.App.4th 1257, 1274 [38 Cal.Rptr.3d 333], quoting *Norco Delivery Service, Inc. v. Owens-Corning Fiberglas, Inc.* (1998) 64 Cal.App.4th 955, 964 [75 Cal.Rptr.2d 456].) "The words 'indemnity' or 'contribution' need not be used. It is the substance of the claim that is determinative." (*Gackstetter, supra*, at p. 1274.) Here, the causes of action alleged in addition to the indemnity claims were not merely derivative of the Henleys' claims against Lyon & Associates.

The Costas' cross-complaint alleged causes of action for negligence, breach of fiduciary duty, and breach of contract against Lyon & Associates in their capacity as the *sellers' broker*. These causes of action against Lyon & Associates as the sellers' broker do not arise under the buyer-broker agreement or from the duties owed as the buyers' broker to the Henleys. Instead, the breach of contract action is based on alleged breach of an agreement between Lyon & Associates and the Costas. The negligence and breach of fiduciary duty claims arise out of the duties owed to the Costas as clients of Lyon & Associates in their own right. Consequently, the first three causes of action alleged by the Costas against Lyon & Associates are not derivative of claims by the Henleys and are therefore not disguised indemnity claims.

Other than the assertion that these additional causes of action are disguised indemnity claims, Lyon & Associates offers no other argument to establish that they are time-barred. Thus, Lyon & Associates have not demonstrated that the trial court reached the wrong result in concluding that the Costas' cross-complaint was timely filed.

## DISPOSITION

The petition for a writ of mandate is denied. The stay issued by this court on August 11, 2011, is vacated upon finality of this opinion. Real parties in interest—Ted Henley, Patti Henley, Robert Costa, and Denise Costa—shall recover their costs for this mandamus proceeding. (Cal. Rules of Court, rule 8.493(a)(1)(A).)

Robie, Acting P. J., and Mauro, J., concurred.

A petition for a rehearing was denied May 11, 2012, and the opinion was modified to read as printed above. Petitioners' petition for review by the Supreme Court was denied July 25, 2012, S202715.