**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEVIN SO,<br><br>                Plaintiff - Appellant,<br><br>     v.<br><br>KEVIN R. KONDAS; KM & ASSOCIATES INTERNATIONAL, LLC; KB & M PROJECTS INTERNATIONAL, LLC; CTL PROJECTS INTERNATIONAL, LLC; MIRA MELTZER,<br><br>                Defendants - Appellees. | No. 10-56882<br><br>D.C. No. 2:08-cv-03336-DDP-AGR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted May 9, 2012
Pasadena, California

Before: WARDLAW, PAEZ, and RAWLINSON, Circuit Judges.

    Kevin So appeals the district court's grant of summary judgment in favor of

appellees Kevin Kondas, KM & Associates International, LLC, KB&M Projects

_____

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

International, LLC, CTL Projects International, LLC, and Mira Meltzer

(collectively the Kondas appellees) on the basis that So's claims were time-barred

because he was on inquiry notice by the fall of 2005. We have jurisdiction

pursuant to 28 U.S.C. § 1291, and we reverse.

**1.** Considering the evidence[1] in the light most favorable to So, the non-moving

party, and drawing all justifiable inferences in his favor, there exists a genuine

issue of material fact regarding when So "suspect[ed] or should [have] suspect[ed]

that [his] injury was caused by wrongdoing, that someone [had] done something

wrong to [him]."[2] *Vaca v. Wachovia Mortg. Corp.*, 198 Cal. App. 4th 737, 743

(2011) (citation and internal quotation marks omitted); *see also Rezner v.*

*Bayerische Hypo-Und Vereinsbank AG*, 630 F.3d 866, 871 (9th Cir. 2010)

(summary judgment standard). In view of the assurances So received in the fall of

2005 from his fiduciary and the existence of a letter of instruction to the

investment bank, a genuine issue of material fact exists regarding whether So was

---

[1] In light of the other evidence indicating the existence of a genuine issue of material fact, we need not and do not address the district court's reliance on the privilege log produced by So's attorneys.

[2] Contrary to So's argument, the district court did not rule that So's declaration was a sham. In any event, other evidence besides So's declaration demonstrates the existence of a genuine issue of material fact.

on inquiry notice of the fraud or had actually discovered it. *See, e.g.*, *William M. Lyon & Assocs., Inc. v. Sup. Ct*, 130 Cal. Rptr. 3d 670, 680 (Cal. App. 2012) ("Delayed accrual of a cause of action is viewed as particularly appropriate where the relationship between the parties is one of special trust such as that involving a fiduciary, confidential or privileged relationship.") (citation omitted). Because questions of fact exist regarding the date when So was on inquiry notice of the fraud or had actually discovered it, entry of summary judgment based on the running of the statute of limitations constituted error. *See Emeldi v. Univ. of Oregon*, 673 F.3d 1218, 1223 (9th Cir. 2012) (explaining that summary judgment is only warranted when no genuine issue of fact exists).

**2.** We decline to apply judicial estoppel against the Kondas appellees because Kevin Kondas's position in an unrelated, subsequent case was not clearly inconsistent with the Kondas appellees' position in this case. *See United States v. Liquidators of Eur. Fed. Credit Bank*, 630 F.3d 1139, 1148 (9th Cir. 2011).

**3.** We decline to apply collateral estoppel against So because the issue of So's notice was neither at issue nor litigated in the United Kingdom litigation. *See Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012) (citations omitted).

**REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**