**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLIFFORD M. LEWIS; et al., | No. 11-17301 |
| Plaintiffs - Appellants, | D.C. No. 1:10-cv-01281-OWW-DLB |
| v. | |
| KENNETH LEE SALAZAR, Secretary of the Interior; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, Senior District Judge, Presiding

Argued and Submitted February 11, 2013
Pasadena, California

Before: BERZON and WATFORD, Circuit Judges, and CARR, Senior District
Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable James G. Carr, Senior United States District Judge for the Northern District of Ohio, sitting by designation.

Plaintiffs appeal from orders dismissing their lawsuit against the Secretary of the Interior of the United States ("the Secretary") and various private individuals ("the Individual Defendants"). We affirm the district court's judgment.

The district court correctly held that sovereign immunity bars Plaintiffs' claims against the Secretary. Plaintiffs have sued the Secretary in his official capacity. Although they allege that the Secretary has deprived them of certain property, services, and benefits, the only relief they request in their complaint is money damages. The Administrative Procedure Act's sovereign-immunity waiver, limited to claims "seeking relief other than money damages," therefore offers Plaintiffs no aid. 5 U.S.C. § 702.

The district court held that Plaintiffs' second cause of action, which alleges a conspiracy between the Secretary and the Individual Defendants, fails to state a cognizable claim. Plaintiffs do not challenge this holding on appeal. They have therefore forfeited any assertion of error. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Plaintiffs' third and fourth causes of action are brought against the Individual Defendants only. The district court dismissed these claims as time-barred. The third cause of action, based on *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983, alleges that the

2

Individual Defendants acted under color of law when they wronged Plaintiffs. California's two-year personal-injury statute of limitations applies to this claim. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Van Strum v. Lawn*, 940 F.2d 406, 410 (9th Cir. 1991); Cal. Civ. Proc. Code § 335.1. The fourth cause of action alleges that the Individual Defendants breached a fiduciary duty they owed Plaintiffs as private citizens. This claim is subject to California's four-year catch-all statute of limitations. *William L. Lyon & Assocs., Inc. v. Superior Court*, 204 Cal. App. 4th 1294, 1312 (2012); Cal. Civ. Proc. Code § 343.

As the district court explained, three categories of conduct underlie Plaintiffs' third and fourth causes of action: (1) the Individual Defendants' conveyance of the subject real property to the United States in 1984; (2) the Individual Defendants' failure to distribute revenue to Plaintiffs during the period from 1958 to 1983; and (3) the Individual Defendants' failure to distribute revenue to Plaintiffs during the period from 1983 to present. The district court correctly held that the statutes of limitations on Plaintiffs' claims began to run decades ago and that Plaintiffs have failed to allege facts sufficient to suggest that any of their claims for relief is not time-barred. The district court also held that the continuing violations doctrine does not save Plaintiffs' claims, a holding that Plaintiffs failed to challenge in their opening brief. *See Padgett*, 587 F.3d at 985 n.2.

3

Plaintiffs contend that *County of Oneida v. Oneida Indian Nation*, 470 U.S. 226, 240 (1985), overrides the applicable statutes of limitations.  But *Oneida* concerned a federal common-law claim by Indians "to enforce their aboriginal land rights."  *Id.* at 235.  Plaintiffs' complaint does not assert a federal common-law claim of this sort.

Finally, the district court did not abuse its discretion by denying Plaintiffs leave to amend their Second Amended Complaint.  Plaintiffs had already been permitted to amend once, and the district court had warned them that only one additional amendment would be permitted.  *See Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008).

**AFFIRMED.**