Filed 5/13/14  Franchetto v. Wells Fargo Home Mortgage CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| RICK FRANCHETTO et al., | C073870 |
| Plaintiffs and Appellants, | (Super. Ct. No. PC20080575) |
| v. | |
| WELLS FARGO HOME MORTGAGE et al., | |
| Defendants and Respondents. | |

In this construction defect case, the trial court sustained the demurrer of defendant Hillsborough Lending, LLC (Hillsborough) without leave to amend on the ground the action was time-barred.  On appeal from the resulting judgment of dismissal, plaintiffs Rick and Beatrice Franchetto contend the trial court erred because:  (1) the Doe amendment that added Hillsborough should have related back to the filing of the original complaint; and (2) even if the Doe amendment did not relate back, the statute of limitations had not necessarily run as of the filing of that amendment.

1

In response, Hillsborough argues (among other things) that the trial court correctly concluded the action was time-barred because even the original complaint was untimely due to plaintiffs' failure to adequately allege delayed discovery of the defects in their property. We agree. Furthermore, because plaintiffs have not shown that they *can* allege delayed discovery in a manner that would make their complaint timely, we find no abuse of discretion in the denial of leave to amend. Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

We take the following facts from the allegations of plaintiffs' first amended complaint.

In January 2004, plaintiffs purchased a home in a subdivision known as Montellago at Serrano in El Dorado Hills. Plaintiffs purchased the home directly from Woodside Montellago, Inc., a subsidiary of Woodside Group, LLC; however, a number of other subsidiaries of Woodside Group, LLC were also involved in the development, construction, marketing, financing, and sale of the homes in the subdivision. As relevant here, one of those other subsidiaries was Hillsborough. According to plaintiffs, Hillsborough was involved (along with other Woodside subsidiaries) in: (1) providing information to the public (including plaintiffs) on its web page regarding the quality and desirability of the subdivision; (2) providing information regarding financing of the purchase of homes within the subdivision; (3) setting up a sales office and model homes and marketing the sale of the homes in the subdivision at the site; (4) providing discounts off the sales price of homes when using financing through them; and (5) being parties and beneficiary to plaintiffs' purchase agreement.

In November 2004, when the home they purchased was substantially completed, plaintiffs took possession. Sometime on or after September 10, 2005, plaintiffs discovered numerous latent defects in the design and construction of the home relating to the framing systems; the roofing systems; the plumbing systems; the HVAC systems; the house pad, slab, and foundation system; the waterproofing and stucco system; the exterior

2

painting and caulking; and the wind exposure rating. On September 10, 2008, they filed a negligence complaint against numerous parties seeking to recover damages for those defects.

On November 22, 2010, plaintiffs amended their complaint to substitute Hillsborough in place of one of the Doe defendants named in the complaint. Hillsborough demurred, arguing that the complaint lacked any allegation that Hillsborough had acted outside the scope of the activities of a money lender, and therefore Hillsborough was entitled to the protection of Civil Code section 3434.[1] The trial court sustained the demurrer with leave to amend.

Plaintiffs filed an amended complaint, adding allegations about Hillsborough's involvement in the development, construction, marketing, financing, and sale of the homes in the subdivision. Hillsborough demurred again, arguing that plaintiffs had still not alleged any facts sufficient to impose liability on a lender because the acts alleged in the amended complaint were "associated with services typically provided by construction lenders." In the alternative, Hillsborough argued that plaintiffs' action against it was time-barred and did not relate back to the filing of the original complaint.

The trial court concluded that the new allegations of Hillsborough's involvement in the development, construction, marketing, financing, and sale of the property were

---

[1] "A lender who makes a loan of money, the proceeds of which are used or may be used by the borrower to finance the design, manufacture, construction, repair, modification or improvement of real or personal property for sale or lease to others, shall not be held liable to third persons for any loss or damage occasioned by any defect in the real or personal property so designed, manufactured, constructed, repaired, modified or improved or for any loss or damage resulting from the failure of the borrower to use due care in the design, manufacture, construction, repair, modification or improvement of such real or personal property, unless such loss or damage is a result of an act of the lender outside the scope of the activities of a lender of money or unless the lender has been a party to misrepresentations with respect to such real or personal property." (Civ. Code, § 3434.)

sufficient to show that Hillsborough "stepped outside its conventional role as a mere lender of money and actively participated in the financed enterprise." The court also concluded that the complaint adequately alleged delayed discovery of the latent defects in the property. The court further determined, however, that the Doe amendment naming Hillsborough did not relate back to the filing of the original complaint because the original complaint did not contain any allegations to establish lender liability by reason of conduct outside the conventional role of a lender. Furthermore, applying the three-year statute of limitations as of the date the Doe amendment naming Hillsborough was filed (November 22, 2010), the court concluded the action against Hillsborough was untimely because "[i]t is alleged that the defects were discovered within three years of September 10, 2008, which signifies on the face of the complaint that the statute of limitations commenced to run over five years prior to the filing of the amendment." Accordingly, the court sustained the demurrer without leave to amend and entered a judgment of dismissal, from which plaintiffs timely appealed.

DISCUSSION

I

*Standard Of Review*

"On appeal from a judgment dismissing an action after sustaining a demurrer without leave to amend, the standard of review is well settled. The reviewing court gives the complaint a reasonable interpretation, and treats the demurrer as admitting all material facts properly pleaded. [Citations.] The court does not, however, assume the truth of contentions, deductions or conclusions of law. [Citation.] The judgment must be affirmed 'if any one of the several grounds of demurrer is well taken. [Citations.]' [Citation.] However, it is error for a trial court to sustain a demurrer when the plaintiff has stated a cause of action under any possible legal theory. [Citation.] And it is an abuse of discretion to sustain a demurrer without leave to amend if the plaintiff shows there is a reasonable possibility any defect identified by the defendant can be cured by

4

amendment." (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966-967.) "[T]he burden is on the plaintiff to demonstrate that the trial court abused its discretion. [Citations.] Plaintiff must show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading." (*Cooper v. Leslie Salt Co.* (1969) 70 Cal.2d 627, 636.)

## II

### *Delayed Discovery*

In determining that plaintiffs' action against Hillsborough was time-barred, the trial court concluded the original complaint was timely filed because plaintiffs adequately alleged delayed discovery of the defects in their property, but the Doe amendment substituting Hillsborough as a defendant did not relate back to the filing of the original complaint and the Doe amendment was untimely on its own. On appeal, plaintiffs challenge the latter conclusions. In response, Hillsborough (among other arguments) challenges the former conclusion.[2] As we find this latter point dispositive, we need not address the remainder of the parties' arguments.

As plaintiffs concede, their action for negligence against Hillsborough is governed by the three-year limitations period in subdivision (b) of section 338 of the Code of Civil Procedure for an action for injury to real property. An action like plaintiffs', "alleging a latent defect in the construction of an improvement to real property[,] must be brought within three . . . years after the plaintiff discovers the defect, or should have done so." (*Lantzy v. Centex Homes* (2003) 31 Cal.4th 363, 366.) "The discovery rule . . . presumes

---

[2] Curiously, Hillsborough asserts in its brief that "[t]he trial court . . . correctly ruled the Franchettos' claim was time-barred because it did not allege delayed discovery properly," when in fact the trial court expressly ruled that the first amended complaint "adequately alleges delayed discovery." Despite this confusion, Hillsborough's argument adequately raises the issue of whether plaintiffs properly pled delayed discovery, and plaintiffs had the opportunity to respond to that argument in their reply brief (which they did not do).

that a plaintiff has knowledge of injury on the date of injury. In order to rebut the presumption, a plaintiff must plead facts sufficient to convince the trial judge that delayed discovery was justified." (*William L. Lyon & Associates, Inc. v. Superior Court* (2012) 204 Cal.App.4th 1294, 1310.) Specifically, " 'the complaint must allege (1) the time and manner of discovery and (2) the circumstances excusing delayed discovery. [Citations.]' [Citation.] This pleading requirement is a procedural safeguard against lengthy litigation on the issue of accrual." (*Mangini v. Aerojet-General Corp.* (1991) 230 Cal.App.3d 1125, 1150-1151.)

Here, plaintiffs alleged only that the defects in the property were not known or disclosed to them "at the time of purchase, when [they] took possession of the Subject Property, or anytime thereafter," and they "only discovered these defects within three years of the filing of this Complaint." While the trial court found this allegation adequate, we do not. Other than alleging that discovery occurred sometime within the three-year period prior to their filing of the complaint in September 2008, plaintiffs do not allege anything about the time and manner of their discovery of the defects or the circumstances excusing their delayed discovery. In other words, "[t]he complaint fails to allege when plaintiffs made the discovery, the circumstances of the discovery and why, in the exercise of reasonable diligence, they could not have made the discovery sooner." (*Mangini v. Aerojet-General Corp.*, *supra*, 230 Cal.App.3d at p. 1151.)

Given plaintiffs' failure to adequately plead delayed discovery, "[t]he question . . . becomes whether the defect can be cured by amendment." (*Mangini v. Aerojet-General Corp.*, *supra*, 230 Cal.App.3d at p. 1151.) "The burden is on plaintiffs to show that amendment can save the complaint." (*Ibid.*) Plaintiffs have not met that burden. Nowhere in either of their briefs do they indicate what specific factual allegations they could offer to show that they discovered the latent defects in their property sometime after September 10, 2005 (three years before they filed their complaint), and why, in the exercise of reasonable diligence, they could not have made that discovery sooner. At

6

best, they indicate that they could allege "that specific injuries were discovered between November 22, 2007, and September 10, 2008." Such an amendment, however, would simply shorten the vague three-year discovery period now alleged in their complaint to an equally vague nine and one-half month period. This would not cure the defect in their pleading. Absent specific facts showing the time and manner of their discovery of the defects in their property and the circumstances excusing their delayed discovery, plaintiffs' action is time-barred. Accordingly, the trial court did not err in sustaining Hillsborough's demurrer without leave to amend on that basis.

### DISPOSITION

The judgment is affirmed. Hillsborough shall recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a).)


      ROBIE      , J.


We concur:


      HULL      , Acting P. J.


      BUTZ      , J.