Opinion
 

 WORK, Acting P. J.
 

 In this decision, we hold the two-year statute of limitations established by Civil Code
 
 [2]
 
 section 2079.4 does not apply to claims for a breach of fiduciary duty brought against real estate brokers by purchasers whom they exclusively represent.
 

 Real estate broker Century 21 Klowden-Forness Realty and its agent Shirley Hays (collectively Century 21) appeal a judgment awarding damages to Robert and Betty Field, whom Century 21 exclusively represented in their purchase of a rural residential property.
 
 [3]
 
 Century 21 does not claim the evidence of breach is insufficient, but challenges the trial court’s failure to find the Fields’ action time-barred under section 2079.4.
 

 For the following reasons, we conclude actions by buyers against brokers who exclusively represent them in real estate purchase transactions are not
 
 *21
 
 limited by the two-year time-bar of section 2079.4 which, by its terms, is limited to claims for breaches of duty imposed by sections 2079 through 2079.24. (Tit. 6, ch. 3, art. 2.) We reject the argument that because a portion of the buyers’ claims was based on their broker’s failure to determine the extent of an easement was substantially more burdensome than represented and the acreage of the property was not accurate, that their action is one for breach of the duties imposed on
 
 sellers’
 
 brokers by section 2079.
 

 We conclude the
 
 fiduciary
 
 duty of a broker, who contracts to exclusively represent a purchaser of real property to investigate for its client, is independent of the separate obligation imposed on a seller’s broker to conduct a reasonable visual inspection of the marketed property for a buyer’s protection, as announced
 
 in Easton
 
 v.
 
 Strassburger
 
 (1984) 152 Cal.App.3d 90 [199 Cal.Rptr. 383, 46 A.L.R.4th 521] and incorporated into section 2079.
 

 We also reject Century 21’s claim the trial court erred in refusing to give comparative negligence instructions, BAJI No. 12.53 (pertaining to the effect of an independent investigation by the plaintiff), and BAJI No. 6.37.2 which would have advised jurors that one who acts as a professional need not be perfect. Thus, we affirm the judgment.
 

 Factual and Procedural Background
 

 A.
 

 In September 1992, the buyers, the Fields, sued their real estate agent Century 21 and others
 
 [4]
 
 for negligence and negligent misrepresentation arising from their 1988 purchase of a rural residence. They alleged Century 21 breached its statutory duty by failing to conduct a reasonably competent and diligent visual inspection on their behalf as required by section 2079, and also had falsely represented the residence’s physical condition. After demurrers challenged the section 2079 allegations as barred by the special two-year limitations period enacted in section 2079.4, they were eliminated from superseding pleadings.
 

 The Fields’ third amended complaint alleged negligence, negligent misrepresentation, and breach of fiduciary duty, citing Century 21’s failure to inspect related title documents and to determine the scope of an easement in favor of Otay Water District. This pleading alleged defendants falsely represented Otay had an easement only for use of the driveway, although in
 
 *22
 
 fact the easement prevented the Fields from exclusively using a major portion of their property.
 
 [5]
 

 Although the conduct was no longer alleged as a section 2079 violation, Century 21 continued to contend the claims were time-barred by section 2079.4 for all allegations based on a failure to inspect.
 

 B.
 

 Trial established the Otay Water District easement was more extensive than what had been represented to the Fields, i.e., the easement was substantially more intrusive, covered more area and included the right to “spill” water onto the Fields’ land, including some area occupied by the residence. Further, the acreage of the property was less than represented. Although buyers’ agent was aware an easement existed, she neither verified the extent of the easement or the represented acreage of the property, nor did she advise the Fields to do so. Rather, the conduct of the agent implied both the acreage and the extent of easement were as erroneously represented.
 
 [6]
 
 Further, an addition to the house violated setback requirements and Century 21 did not inquire whether permits or variances had been obtained for the addition or advise the Fields to do so. Although the septic system was inadequate and not in code compliance and the house suffered from various physical defects, Century 21 did not recommend inspection of the septic system for code compliance or alert the buyers to signs of obvious physical defects.
 

 Not only did the Fields’ real estate agent not inspect the preliminary title report in a timely manner, she did not even receive it from the title company until
 
 after
 
 escrow closed. Both the plaintiffs’ and defendants’ experts agreed the buyers’ representative had breached her fiduciary relationship with the Fields by not reviewing the preliminary title report
 
 before
 
 the close of
 
 *23
 
 escrow to verify, among other things, the scope of the easement revealed in the transfer disclosure statement. The real estate agent testified she did not recall asking anyone about the easement, did not explain the Fields could have the title company come out and mark the easement, did not recall verifying the acreage information presented in the multiple listing service, and did not recall checking the preliminary title report for acreage information. Plaintiffs’ expert testified the agent fell below the standard of care by, among other things, failing to advise the Fields that, since the property was in a rural area, they should consult with the title officer to review the title report before the close of escrow and to explain and plot the easement, and. by failing to investigate the status of permits for the room addition or advise the Fields to do so.
 
 [7]
 

 The case was submitted to the jury with instructions regarding negligence, and negligent misrepresentation based on fiduciary or confidential relationship.
 

 The court denied motions for new trial or judgment notwithstanding the verdict which were based on the two-year-from-date-of-possession limitations of section 2079.4.
 

 Discussion
 

 I
 

 Section 2079.4 Statute of Limitations
 

 Section 2079 requires sellers’ real estate brokers, and their cooperating brokers, to conduct a “reasonably competent and diligent visual inspection of the property,” and to disclose all material facts such an investigation would reveal to a prospective buyer.
 
 [8]
 
 Section 2079.4 establishes a statute of
 
 *24
 
 limitations for breaches of those duties imposed by section 2079 of two years from the date of possession.
 
 [9]
 

 Section 2079 was enacted to codify and focus the holding in
 
 Easton
 
 v.
 
 Strassburger, supra,
 
 152 Cal.App.3d 90.
 
 [10]
 
 In
 
 Easton,
 
 the court recognized that case law imposed a duty on
 
 sellers’
 
 brokers to disclose material facts
 
 actually known
 
 to the broker.
 
 Easton
 
 expanded the holdings of former decisions to include a requirement that sellers’ brokers must diligently inspect residential property and disclose material facts they obtain from that investigation. Further, the case held sellers’ brokers are chargeable with knowledge they
 
 should have known
 
 had they conducted an adequate investigation.
 
 (Id.
 
 at p. 99.)
 

 Section 2079 statutorily limits the duty of inspection recognized in
 
 Easton
 
 to one requiring only a
 
 visual
 
 inspection. (See
 
 Wilson
 
 v.
 
 Century 21 Great Western Realty
 
 (1993) 15 Cal.App.4th 298, 308 [18 Cal.Rptr.2d 779].) Further, the statutory scheme expressly states a selling broker has no obligation to purchasers to investigate public records or permits pertaining to title or use of the property. That is, section 2079.3 states the inspection required under section 2079 “does not include or involve an inspection of areas that are reasonably and normally inaccessible to such an inspection,
 
 nor an affirmative inspection of
 
 areas off the site of the subject property or
 
 public records or permits concerning the title or use of the property
 
 . . . .” (Italics added.)
 

 The statutory scheme includes an expression of legislative intent. “It is the intent of the Legislature to codify and make precise the holding of
 
 Easton
 
 v.
 
 Strassburger,
 
 152 Cal.App.3d 90 [199 Cal.Rptr. 383, 46 A.L.R.4th 521].
 
 It is not the intent of the Legislature to modify or restrict existing duties owed by real estate licensees.”
 
 (§ 2079.12, subd. (b), italics added.) The statute also provides: “[n]othing in this section is intended to affect the court’s ability to interpret Sections 2079 to 2079.6, inclusive.” (§ 2079.12, subd. (a)(4).)
 

 
 *25
 
 While the statute of limitations for the duty delineated in section 2079 is two years from the date of
 
 possession
 
 (§ 2079.4), the statute of limitations for actions involving a fiduciary obligation is normally triggered on the date the plaintiff discovers, or should have discovered, the negligence. (See
 
 Lee
 
 v.
 
 Escrow Consultants, Inc.
 
 (1989) 210 Cal.App.3d 915, 921 [259 Cal.Rptr. 117];
 
 Neel
 
 v.
 
 Magana, Olney, Levy, Cathcart & Gelfand
 
 (1971) 6 Cal.3d 176, 186-190 [98 Cal.Rptr. 837, 491 P.2d 421]; see generally, 3 Witkin, Cal. Procedure (4th ed. 1996) Actions, § 463, p. 583; § 619, pp. 795-796.)
 

 As we will explain, an examination of the law existing before
 
 Easton
 
 and the enactment of section 2079 shows the
 
 fiduciary
 
 duty owed by brokers to their own clients is substantially more extensive than the
 
 nonfiduciary
 
 duty codified in section 2079. Moreover, since the triggering event for the statute of limitations applicable to fiduciaries is more flexible than the two-year-from-possession limitation set forth in section 2079.4, to apply section 2079.4 to fiduciary duties of a buyer’s broker would, contrary to the Legislature’s express statement of intent, restrict the ability of buyers to obtain redress for duties owed by their own real estate licensees which existed before section 2079.4 was enacted.
 

 Under the common law, unchanged by
 
 Easton
 
 and section 2079, a broker’s fiduciary duty to his client requires the highest good faith and undivided service and loyalty.
 
 (Stiefel
 
 v.
 
 McKee
 
 (1969) 1 Cal.App.3d 263, 266 [81 Cal.Rptr. 565];
 
 Timmsen
 
 v.
 
 Forest E. Olson, Inc.
 
 (1970) 6 Cal.App.3d 860, 871 [86 CaLRptr. 359];
 
 Ford
 
 v.
 
 Coumale
 
 (1973) 36 Cal.App.3d 172, 180 [111 Cal.Rptr. 334, 81 A.L.R.3d 704].) “The broker as a fiduciary has a duty to learn the material facts that may affect the principal’s decision. He is hired for his professional knowledge and skill; he is expected to perform the necessary research and investigation in order to know those important matters that will affect the principal’s decision, and he has a duty to counsel and advise the principal regarding the propriety and ramifications of the decision. The agent’s duty to disclose material information to the principal includes the duty to disclose reasonably obtainable material information. [¶] . . . [¶] The facts that a broker must learn, and the advice and counsel required of the broker, depend on the facts of each transaction, the knowledge and the experience of the principal, the questions asked by the principal, and the nature of the property and the terms of sale. The broker must place himself in the position of the principal and ask himself the type of information required for the principal to make a well-informed decision. This obligation requires investigation of facts not known to the agent and disclosure of all material facts that might reasonably be
 
 *26
 
 discovered.” (2 Miller & Starr, Cal. Real Estate 2d (1989) Agency, § 3.17, pp. 94, 96-97, 99, fn. omitted.)
 

 Thus, depending on the circumstances, a broker’s fiduciary duty may be much broader than the duty to visually inspect and may include a duty to inspect public records or permits concerning title or use of the property, a duty which is expressly excluded from section 2079.
 

 For example, in
 
 Salahutdin
 
 v.
 
 Valley of California, Inc.
 
 (1994) 24 Cal.App.4th 555, 562 [29 Cal.Rptr.2d 463], the buyer’s broker was found liable for damages resulting from a failure to tell the buyer he had not verified the accuracy of the acreage and boundary information obtained from the seller, although the broker knew this information was material to the buyer’s decision to purchase.
 
 (Id.
 
 at p. 563.)
 

 The distinction between the limited section 2079
 
 visual
 
 inspection duty imposed on brokers selling to a buyer with whom there is neither a contractual nor fiduciary relationship, as compared to the broader fiduciary duty imposed on the broker vis-a-vis the party he represents, is explained by the facts and analysis in
 
 Salahutdin.
 
 There, it is noted that under section 2079, “[a]bsent ‘red flags’ visible from a reasonably diligent visual inspection indicating the property was not the size represented, that duty would not encompass a duty to survey the property to make sure it was the size represented.”
 
 (Salahutdin
 
 v.
 
 Valley of California, Inc., supra,
 
 24 Cal.App.4th at p. 562, fn. 3.)
 
 [11]
 
 In contrast, a broker has a
 
 “fiduciary duty to his own client
 
 to refrain from making representations of facts material to the client’s decision to buy the property without advising the client that he is merely passing on information received from the seller without verifying its accuracy.” (24 Cal.App.4th at p. 562, fn. 3; see also
 
 Wilson
 
 v.
 
 Hisey
 
 (1957) 147 Cal.App.2d 433, 439 [305 P.2d 686] [substantial evidence supported trial court’s finding that buyer’s brokers were negligent in failing to ascertain truth of seller’s statements pertaining to title and encumbrances].)
 

 This distinction between the limited duty imposed by section 2079 and the broader fiduciary duty is also apparent by examining the disclosure form requirements mandated by section 2079.16, which defines brokers’ duties
 
 to their own clients
 
 as a “fiduciary duty of utmost care, integrity, honesty, and loyalty . . . .” In contrast, section 2079.16 defines the duty brokers owe to persons who are
 
 not
 
 their clients in nonfiduciary terms as the “[d]iligent
 
 *27
 
 exercise of reasonable skill and care,” “honest and fair dealing and good faith,” and “duty to disclose all facts known to the agent materially affecting the value or desirability of the property that are not known to, or within the diligent attention and observation of the parties. . . .” Thus, section 2079 confirms the common law recognition of fiduciary duties brokers owe their own clients, which in context may require more than the cursory type of visual inspection required of sellers’ brokers to benefit nonclient buyers.
 

 The Legislature has explicitly stated its statutory scheme was not to restrict the existing duties owed by real estate licensees. (§ 2079.12, subd. (b); see
 
 Williams
 
 v.
 
 Wells & Bennett Realtors
 
 (1997) 52 Cal.App.4th 857, 863-865 [61 Cal.Rptr.2d 34] [section 2079.4 statute of limitations not applicable to causes of action against broker for intentional fraud, which liability preexisted
 
 Easton
 
 and section 2079].) Thus, we cannot properly interpret section 2079.4 as applying to a buyer’s broker. (Contrast situation in
 
 Blake
 
 v.
 
 Wemette
 
 (1976) 57 Cal.App.3d 656, 660 [129 Cal.Rptr. 426] where a plain reading of statute showed legislative intent to modify discovery rule statute of limitations by putting cap on time limits in medical malpractice cases.)
 

 Century 21 cites section 2079’ s inclusion of
 
 cooperating brokers
 
 and contends the section applies to it (and all buyer’s brokers), because it “cooperated” with the seller’s broker in completing the sales transaction. However, the case law and statutory scheme make it apparent that section 2079’s reference to brokers who cooperate with a seller’s broker is not intended to encompass brokers who exclusively represent a buyer as a direct fiduciary. The “cooperating broker” encompassed by section 2079 is one who “acts in cooperation with [a seller’s] broker to find and obtain a buyer.” (§ 2079.) Here, Century 21 contracted to act as sole agent for the Fields in their search for a residence to purchase, not to find a buyer for the seller’s broker. The trial court correctly held the two-year statute of limitations of section 2079.4 did not bar the Fields’ action.
 
 [12]
 

 
 *28
 
 II, III
 
 *
 

 Disposition
 

 The judgment is affirmed. Costs and attorney fees on appeal to respondents, the Fields, with the amount of attorney fees to be determined by the trial court upon remand.
 

 Nares, J., and McIntyre, J., concurred.
 

 Appellants’ petition for review by the Supreme Court was denied July 15, 1998.
 

 [2]
 

 All statutory references are to, the Civil Code unless otherwise indicated.
 

 [3]
 

 The Fields filed a cross-appeal, which was dismissed pursuant to stipulation of the parties.
 

 [4]
 

 The other named defendants, including the sellers and their agent, later settled with the Fields.
 

 [5]
 

 The Fields belatedly discovered that Otay Water District owned part of the land which had been represented as belonging to the sellers. Thus, the third amended complaint realleged negligence based on the physical defects, and added new negligence and negligent misrepresentation allegations based on the title defects. The negligent misrepresentation cause of action based on the physical defects was not realleged since the trial court had ruled it was time-barred under the three-year-from-discovery fraud statute of limitations in Code of Civil Procedure section 338. A cause of action for intentional misrepresentation was not pursued by the Fields at trial.
 

 [6]
 

 The agent’s knowledge of facts giving rise to her fiduciary duty to the Fields is in stark contrast to the circumstances addressed in
 
 Padgett
 
 v.
 
 Phariss
 
 (1997) 54 Cal.App.4th 1270 [63 Cal.Rptr.2d 373], where the buyer’s agent was not on actual or imputed notice of any fact which would trigger a duty to investigate whether the property was the subject of pending litigation.
 

 [7]
 

 We set forth these facts to give a flavor of the primarily title-related issues involved in this case, but do not further delineate evidence not pertinent to issues on appeal.
 

 [8]
 

 Section 2079, subdivision (a) states; “It is the duty of a real estate broker or salesperson, licensed under Division 4 (commencing with Section 10000) of the Business and Professions Code, to a prospective purchaser of residential real property comprising one to four dwelling units, or a manufactured home as defined in Section 18007 of the Health and Safety Code, to conduct a reasonably competent and diligent visual inspection of the property offered for sale and to disclose to that prospective purchaser all facts materially affecting the value or desirability of the property that an investigation would reveal, if that broker has a written contract with the seller to find or obtain a buyer or is a broker who acts in cooperation with that broker
 
 to find and obtain a buyer.”
 
 (Italics added.)
 

 [9]
 

 Section 2079.4 states: “In no event shall the time for commencement of legal action for
 
 breach of duty imposed by this article
 
 exceed two years from the date of possession, which means the date of recordation, the date of close of escrow, or the date of occupancy, whichever occurs first.” (Italics added.)
 
 Loken
 
 v.
 
 Century 21-Award Properties
 
 (1995) 36 Cal.App.4th 263, 271 [42 Cal.Rptr.2d 683], holds the section 2079.4 statute of limitations applied to both negligence and negligent misrepresentation causes of action brought by the buyer against the seller’s broker.
 

 [10]
 

 In a statement of legislative intent, the Legislature explained that sections 2079 to 2079.6 were enacted to define the duty of care, and its manner of discharge, found to exist in
 
 Easton,
 
 noting the imprecision of terms in
 
 Easton
 
 and the absence of a comprehensive declaration of duties, standards and exceptions had caused insurers to modify professional liability coverage and confusion among real estate licensees as to the manner of performing the duty. (See § 2079.12.)
 

 [11]
 

 It should be noted, however, that under case law preexisting
 
 Easton
 
 and section 2079, a seller’s broker could be liable for misrepresentations pertaining to title information under fraud theories. (See
 
 Brady
 
 v.
 
 Carman
 
 (1960) 179 Cal.App.2d 63, 70-71 [3 CaI.Rptr. 612].)
 

 [12]
 

 In their arguments, both parties use an analysis which turns on whether the facts of the particular case involve a breach of the duty to inspect as defined under section 2079. In our view, this is not the pivotal point. The statute of limitations in section 2079.4 should only apply in negligence or negligent misrepresentation actions brought against a nonfiduciary broker for failure to visually inspect or disclose. It should not apply to actions brought against a fiduciary broker, even if some allegations include a failure to visually inspect. Additionally, we are not persuaded by Century 21’s citation to the trial court’s ruling in
 
 West
 
 v.
 
 Superior Court
 
 (1994) 27 Cal.App.4th 1625, 1629 [34 Cal.Rptr.2d 409], where the trial court granted summary judgment based on the section 2079.4 statute of limitations, in favor of the buyer’s broker as well as the seller’s broker. As recognized by Century 21, there was no issue on appeal as to that ruling, and thus
 
 West
 
 does not address it other than in the
 
 *28
 
 recitation of the factual background. Indeed, in
 
 West,
 
 we declined to extend the section 2079.4 statute of limitations to a seller’s action for implied contractual indemnity against his broker, reasoning that the section “does not include an action for implied contractual indemnity based on the broker’s duty to his client.”
 
 {West
 
 v.
 
 Superior Court, supra,
 
 27 Cal.App.4th at p. 1634.) Similarly here, we conclude section 2079.4 does not extend to an action premised on fiduciary duties owed by the buyer’s broker
 
 to his client.
 

 *
 

 See footnote 1,
 
 ante,
 
 page 18.